# In the United States Court of Federal Claims

No. 24-1127
(Filed: January 10, 2025)

```
*****************************
PHYLLIS M. KNIGHT,              *
                                *
                 Plaintiff,     *
                                *
       v.                       *
                                *
THE UNITED STATES,              *
                                *
                 Defendant.     *
*****************************
```

*Phyllis M. Knight*, Wichita, KS, *pro se*.

*Eric P. Bruskin*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**Dietz, Judge.**

Before the Court is a motion to dismiss the complaint of *pro se* plaintiff, Phyllis M. Knight, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons below, the Court finds that it lacks subject-matter jurisdiction over Ms. Knight's claims under the Federal Employees' Retirement System ("FERS") Act, 5 U.S.C. § 8401 *et. seq*, the Back Pay Act ("BPA"), 5 U.S.C. § 5596, and the federal criminal code, specifically 18 U.S.C. § 644. Accordingly, the Court **GRANTS** the motion to dismiss.

**I.     BACKGROUND**

Ms. Knight filed her complaint in this Court on July 24, 2024. Compl. [ECF 1]. In her complaint, Ms. Knight states that she became disabled while performing her duties at "the Veterans Canteen Service Central Office" and that she was removed from her position on April 20, 2015, due to an unauthorized absence. *Id.* at 2.[1] She states that she was later "diagnosed with 'Heart Failure' that forced her into total disability retirement" and that, on October 15, 2015, the Social Security Administration ("SSA") found her disabled. *Id.* Ms. Knight alleges that she was to receive her first FERS annuity payment on November 1, 2015, and that the Office of Personnel Management ("OPM") failed to issue her any annuity payments. *Id.* She also alleges "theft or embezzlement of benefits" in violation of 18 U.S.C. § 644 of the Federal Criminal

---

[1] All page numbers cited from the parties' filings refer to the page numbers generated by the CM/ECF system.

Code. *Id.* at 3. She seeks retirement benefits under the FERS Act and monetary compensation under the BPA. *Id.*

On September 24, 2024, the government filed a motion to dismiss under RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 7]. The government argues that this Court lacks subject-matter jurisdiction over Ms. Knight's claims for benefits or compensation under the FERS Act and the BPA, as well as her claim for violation of 18 U.S.C. § 644. *Id.* at 3-5. Separately, the government argues that her claims are time-barred by the Court's statute of limitations. *Id.* at 5-6.

Ms. Knight filed her response to the government's motion to dismiss on October 18, 2024. Pl.'s Resp. [ECF 10]. She asserts that 5 U.S.C. § 8451 ("Disability Retirement") and 5 U.S.C. § 8452 ("Computation of Disability Annuity") "allow for a money-mandating cause of action under this Court's subject matter jurisdiction." *Id.* at 3. She further states that she "did not request retirement disability through OPM's administration scheme under [5 U.S.C.] § 8461 after being diagnosed with 'Graves disease' on April 3, 2015" and that "after separation [she] applied for disability through social security after being diagnosed with 'Heart failure' on September 11, 2015." *Id.* at 6. She contends that, under § 8451, "FERS coverage was mandatory under social security" and that OPM's denial of her application for disability retirement "constitutes fraud." *Id.* She also claims to have "connected [the Social Security Administration] and OPM government employees . . . in a scheme of embezzlement of more than $100,000.00 from her FERS annuity trust fund and the theft of her basic benefits." *Id.* at 7.

On December 2, 2024, the government filed its reply. Def.'s Reply [ECF 11]. The government contends that Ms. Knight failed to "explain[] how her claims are timely under § 2501's six-year statute of limitations [under the Tucker Act]" and that her complaint should be dismissed for that reason alone. *Id.* at 1. Additionally, the government further explains why this Court lacks subject-matter jurisdiction over claims under the FERS Act, the BPA, and 18 U.S.C. § 644. *Id.* at 2-3. The government's motion to dismiss is fully briefed, and the Court determined that oral argument is not necessary.[2]

## II.   STANDARDS OF REVIEW

Establishing subject-matter jurisdiction is a threshold requirement. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The Court of Federal Claims has limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see also Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish subject-matter jurisdiction in this Court, a plaintiff must identify a "substantive right created by some money-mandating constitutional provision, statute or

---

[2] In reaching its decision, the Court also considered a sur-reply filed by Ms. Knight on January 2, 2025, which was filed by leave on January 10, 2025. *See* [ECF 13].

regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994). "[T]he plaintiff[] bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

A defendant may challenge whether the plaintiff has properly established jurisdiction by filing a motion to dismiss the complaint under RCFC 12(b)(1). *See Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999) (explaining that "a question of a court's subject matter jurisdiction . . . is properly raised by a [Rule] 12(b)(1) motion"). When considering such a motion, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc.*, 659 F.3d at 1163 (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Further, claims filed by *pro se* plaintiffs are held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, courts afford *pro se* plaintiffs more latitude in their pleadings and may search a plaintiff's complaint and the record to determine if the court may rightfully exercise jurisdiction over it. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citations omitted). However, the court does not construe its jurisdictional requirements liberally, and "is allowed no discretion to bend the requirements of jurisdiction in [a *pro se* plaintiff's] favor." *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012).

### III.  ANALYSIS

Ms. Knight states that she "is a former civilian employee who contributed a percentage of her salary to receive future benefits," [ECF 10] at 2; that she had a disability retirement under 5 U.S.C. § 8451, *id.* at 2-3; and that she is "entitled to an annuity computed under [5 U.S.C.] § 8452," *id.* She argues that "FERS coverage is in fact a mandatory benefit that [she] is entitled to under social security." *Id.* at 3. According to Ms. Knight, "[t]hese statutes together allow for a money-mandating cause of action under this Court's subject matter jurisdiction." *Id.* The Court disagrees. Where a "'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Bargsley v. United States*, 120 Fed. Cl. 619, 630 (2015) (quoting *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)); *see also United States v. Bormes*, 568 U.S. 6, 12 (2012) ("[W]hen a law assertedly imposing monetary liability on the United States contains its own judicial remedies," this Court's Tucker Act jurisdiction is displaced.). Under the FERS statute, Congress created an exclusive remedial scheme to adjudicate FERS-related claims. *See* 5 U.S.C. § 8461(c) ("[OPM] shall adjudicate all claims under the provisions of this chapter administered by [it]."). This Court therefore lacks jurisdiction over FERS-related claims. *See Hasan v. United States*, 171 Fed. Cl. 167, 171 (2024) ("When Congress passed the FERS statute, it created an exclusive remedial scheme that displaced this court's jurisdiction over FERS-related claims."). As a result, this Court does not have jurisdiction to hear Ms. Knight's claims relating to her FERS payments. *See Ogburn v. United States*, 2023 WL 2808066, at *3 (Fed. Cir. Apr. 6, 2023) (affirming dismissal of plaintiff's FERS claims because they should be first before OPM and then the United States Merit Systems Protection Board); *Stekelman v. United States*, 752 F. App'x 1008, 1010 (Fed. Cir. 2018) ("By statute, the authority to decide a FERS application in the first instance and

adjudicate all claims arising under that retirement system rests with OPM."); *Agee v. United States,* 77 Fed. Cl. 84, 92 (2007) (stating that plaintiff "should seek review and revision of their [FERS] benefits with OPM").

Next, Ms. Knight states that the BPA "allows federal employees to receive back pay and attorney fees if they are affected by an unjustified or unwarranted personnel action." [ECF 1] at 1. She seeks to be made "financially whole" pursuant to the BPA. *Id.* at 3. However, "the BPA, by itself, cannot be used as an exclusive basis for Tucker Act jurisdiction." *Carroll v. United States,* 67 Fed. Cl. 82, 85 (2005), *aff'd,* 198 F. App'x 928 (Fed. Cir. 2006); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (stating that "[t]he [BPA] is merely derivative in application; it is not itself a jurisdictional statute."). Therefore, for this Court to have jurisdiction over a plaintiff's BPA claim, "some provision of law other than the [BPA] must first mandate . . . money damages to an employee suffering an unjustified or unwarranted personnel action." *Sacco v. United States*, 63 Fed. Cl. 424, 428 (2004) (citing *Walker v. United States*, 11 Cl. Ct. 77, 80 (1986)), *aff'd* 452 F.3d 1305 (Fed. Cir. 2006); *see also Soliman v. United States*, 2017 WL 3634240, at *5 (Fed. Cl. Aug. 24, 2017), *aff'd,* 724 F. App'x 936 (Fed. Cir. 2018) ("The Federal Circuit has also held that the [BPA] only mandates the payment of money when a plaintiff identifies an 'applicable law, rule, regulation, or collective bargaining agreement' which has been violated, leading to a reduction in pay.") (citing *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999)), *aff'd* 724 F. App'x 936 (Fed. Cir. 2018); *Carroll*, 67 Fed. Cl. at 85 (holding that "[t]here must be another legal provision, or agency decision, indicating that the pay differential was improper"). Ms. Knight does not identify any other provision of law, regulation, rule, or agency decision that permits this Court to exercise jurisdiction over her BPA claim. *See generally* [ECFs 1, 10]; *see also Shelleman v. United States*, 9 Cl. Ct. 452, 457 (1986) (finding a lack of jurisdiction under the BPA where the "[p]laintiffs have failed to direct this court to any unwarranted personnel action prohibited by statute, regulation, or law which in turn authorizes suit in this court"). The Court therefore lacks jurisdiction over Ms. Knight's BPA claim.[3]

---

[3] Ms. Knight alleges that her "removal decision was due to -- Leave of Absence Request Policy Unauthorized Absence (A WOL)" and that "the affected employee may still be able to obtain a Bruner Presumption if he/she can prove absence were due to physical inability to actually perform the duties of the position." [ECF 1] at 2. First, under *Bruner v. Off. of Pers. Mgmt.,* 996 F.2d 290 (Fed. Cir. 1993), "[w]hile the burden of production is generally on an employee seeking disability retirement, an action by the government separating the employee for his disability establishes a *prima facie* case of disability for purposes of determining retirement benefits and shifts the burden of production to the government." *Alston v. Off. of Pers. Mgmt.*, 545 F. App'x. 980, 983 (Fed. Cir. 2013) (citing *Bruner,* 996 F.2d at 293-94). However, this issue is not properly before this Court because the determination of entitlement to disability retirement benefits under the FERS Act rests with OPM. *See* 5 U.S.C. § 8461; *Stekelman*, 752 F. App'x at 1010. Next, Ms. Knight does not allege that the removal decision violated a statute or regulation. To establish a claim under the BPA, a plaintiff must allege that the personnel action violated a statute or regulation covered by the Tucker Act. *See Connolly*, 716 F.2d at 887. Finally, even if the Court were to construe her complaint as alleging a wrongful removal, it would be time-barred under the Court's statute of limitations because her removal occurred on April 20, 2015, and her complaint was filed over nine years later, on July 24, 2024. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."); *see Friedman v. United States*, 310 F.2d 381, 398 (Ct. Cl. 1962) ("[I]it is inherent in all statutes of limitations that claims otherwise justifiable and justiciable will be denied because suit is not brought in time.").

Lastly, Ms. Knight states that 18 U.S.C. § 644 "prohibits theft or embezzlement of benefits." [ECF 1] at 3. She alleges that the SSA and OPM engaged in an embezzlement scheme resulting in the theft "of more than $100,000.00 from her FERS" account and her basic benefits. [ECF 10] at 7. The Court cannot exercise jurisdiction over this claim because it "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see also Jones v. United States,* 440 F. App'x 916, 918 (Fed. Cir. 2011) (noting the Court lacks "jurisdiction over criminal matters generally"); *Shumaker v. United States,* 2023 WL 6296603, at *2 (Fed. Cl. Sept. 27, 2023) (noting that the Court lacks jurisdiction over allegations brought "under the federal criminal code") (quoting *Joshua,* 17 F.3d at 379).[4]

## IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** the government's Motion to Dismiss. The Court **DISMISSES** Ms. Knight's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

    s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[4] Ms. Knight references "[t]he First Amendment's guarantee of the right to petition the Government for redress of grievances." [ECF 1] at 1 (internal quotation marks omitted). However, "the literal terms of the first amendment neither explicitly nor implicitly obligate the federal government to pay damages." *Connolly*, 716 F.2d at 887. Because the First Amendment is not money-mandating, it is not an independent basis of this Court's jurisdiction.